**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39576**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 314 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 8, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JUSTIN SHANE DEWITT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John P. Luster, District Judge.

Order relinquishing jurisdiction and imposing reduced sentence of a unified term of ten years, with two years determinate, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

---

PER CURIAM

Justin Shane DeWitt pled guilty to lewd conduct with a minor child under sixteen. Idaho Code § 18-1508. The district court sentenced DeWitt to a unified term of ten years, with three years determinate, and retained jurisdiction. DeWitt was sent to participate in the rider program at the North Idaho Correction Institution (NICI), but shortly thereafter, DeWitt was removed from the program due to disciplinary concerns. The district court relinquished jurisdiction and, pursuant to Idaho Criminal Rule 35, reduced DeWitt's sentence to a unified term of ten years, with two years determinate. DeWitt filed a Rule 35 motion for reduction of his sentence, which the district court denied. DeWitt now appeals from the district court's order relinquishing

1

jurisdiction, contending the district court abused its discretion by relinquishing jurisdiction and by failing to further reduce DeWitt's sentence.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows the district court properly considered the information before it and determined probation was not appropriate.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Accordingly, the district court's order relinquishing jurisdiction and imposing a reduced sentence is affirmed.